IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE



| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | :  Criminal Action No. 03 – /03 |
| DAVID A. SAUNDERS, | : |
| Defendant. | : |



### INDICTMENT

The Federal Grand Jury for the District of Delaware charges that:

### COUNTS 1 - 11

*Scheme and Artifice to Defraud*

1.      Beginning on or about October of 1998, and continuing through March of 2001, DAVID A. SAUNDERS, the defendant herein, and a resident of Australia and South Africa, exchanged electronic mail and facsimile communications with David P. Cannavo, a resident of the State and District of Delaware, who received such electronic communications in the State of Delaware, for the purpose of inducing Cannavo's corporation, Aero Enterprises, Inc., to enter into agreements to purchase Eastern European vintage fighter aircraft, knowing that some of these agreements were fraudulent.  Specifically, Saunders induced Cannavo, on behalf of Aero Enterprises, Inc., to enter into an agreement with Saunders's corporation, Western Warbirds PTY Ltd., to purchase a Yak-11 aircraft from Prague, Czech Republic.  Saunders represented that Western Warbirds PTY Ltd. had marketable title to the Yak-11 aircraft, when in fact it did not. The serial number of the Yak-11 provided by Saunders to Cannavo was the serial number of an aircraft that was part of a museum exhibit at a military institute in Prague and that was never

available for sale. Saunders induced Cannavo to wire to an escrow account in Oklahoma City, Oklahoma, a deposit of $30,000 toward the purchase price of the Yak-11 on October 30, 1998. Subsequently, Saunders induced Cannavo to wire to the same escrow account a sum of $40,000 for the balance of the purchase price on September 26, 1999. Saunders then caused these sums to be transferred to a bank account in Australia controlled by Saunders. When Saunders was unable to deliver the Yak-11 aircraft, Saunders, by email and telephone, up to and including March of 2001, gave Cannavo various excuses for the delay of the delivery of the Yak-11.

    2.    Beginning on or about November 1, 2000, Saunders also exchanged electronic mail and facsimile communications with Cannavo, who received such communications in the State of Delaware, for the purpose of inducing Cannavo to enter into agreements on behalf of Aero Enterprises, Inc., with Western Warbirds PTY Ltd. to purchase two L39 aircraft bearing the serial numbers 232141 and 232439 from a supplier in Estonia. Saunders represented that Western Warbirds PTY Ltd. had marketable title to such aircraft, when in fact it did not. Saunders induced Cannavo to wire funds to a bank account in Australia controlled by Saunders. On November 14, 2000, Cannavo wired the sum of $85,000 toward the purchase price of the aircraft bearing the serial number 232439; and on November 16, 2000, Cannavo wired the sum of $65,000 toward the purchase price of the aircraft bearing the serial number 232141. Shortly thereafter, when Saunders advised Cannavo that he could not deliver the aircraft bearing the serial number 232439, Saunders represented to Cannavo that he would deliver, in lieu of that aircraft, a similar aircraft bearing the serial number 232152. Subsequently, when Saunders was unable to deliver the aircraft, Saunders, by electronic mail and by telephone, up to and including March of 2001, gave Cannavo various excuses for the delay of the delivery of the aircraft. In

fact, the aircraft with the serial numbers 232141 and 232152 had been sold to third parties at or about the same time that Saunders induced Cannavo, on behalf of Aero Enterprises, Inc., to enter into an agreement to purchase such aircraft from Western Warbirds PTY Ltd.

### *Charging Paragraph*

3.  From on or about October 1, 1998, through on or about March 31, 2001, in the District of Delaware and elsewhere, DAVID A. SAUNDERS, the defendant herein, having devised and having attempted to devise a scheme and artifice to defraud, as more fully set forth in paragraphs one and two of this Indictment, the allegations of which are realleged and incorporated herein by reference, for the purpose of executing such scheme and artifice to defraud David P. Cannavo and Aero Enterprises, Inc., and for obtaining from them sums of money by means of false and fraudulent pretenses and representations, did knowingly transmit and cause to be transmitted to Delaware from a location outside the United States, and from Delaware to a location outside Delaware, through interstate commerce by means of wire communication, certain writings, signs and signals. The dates, destination addresses and types of wire transmissions are defined more particularly, as follows:

| Count | Transmission Date | Transmission Destination | Type of Wire Service |
| --- | --- | --- | --- |
| 1 | 02/03/1999 | Townsend, Delaware | Facsimile |
| 2 | 08/26/1999 | Oklahoma City, Oklahoma | Electronic Funds Wire Transfer |
| 3 | 09/16/1999 | Townsend, Delaware | Email |
| 4 | 10/08/1999 | Townsend, Delaware | Email |
| 5 | 12/07/1999 | Townsend, Delaware | Email |

| Count | Transmission Date | Transmission Destination | Type of Wire Service |
|---|---|---|---|
| 6 | 11/01/2000 | Townsend, Delaware | Facsimile |
| 7 | 11/12/2000 | Townsend, Delaware | Facsimile |
| 8 | 11/14/2000 | New York, New York | Electronic Funds Wire Transfer |
| 9 | 11/16/2000 | New York, New York | Electronic Funds Wire Transfer |
| 10 | 02/13/2001 | Townsend, Delaware | Email |
| 11 | 03/05/2001 | Townsend, Delaware | Email |

All in violation of Title 18, United States Code, section 1343.

## NOTICE OF FORFEITURE

Upon conviction of one or more of the offenses alleged in Counts one through eleven of this Indictment, defendant DAVID A. SAUNDERS, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including, but not limited to, a sum of money equal to $ 220,000, in United States currency, representing the amount of proceeds obtained as a result of these offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

*/s/ Foreperson*

COLM F. CONNOLLY
United States Attorney

By: */s/ Adam Safwat*        Dated: *November 19*, 2003
Adam Safwat
Assistant United States Attorney